UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
RASHEEN MASON,

               Plaintiff,

    - against -

CITY OF NEW YORK, *et al.*,

               Defendants.
-------------------------------------------------------x

**NOT FOR PUBLICATION**


**MEMORANDUM & ORDER**
26-CV-1817 (PKC) (VMS)

PAMELA K. CHEN, United States District Judge:

Plaintiff Rasheen Mason filed this *pro se* action in the United States District Court for the Southern District of New York on December 12, 2025.  (Complaint ("Compl."), Dkt. 1.)  On January 22, 2026, the Southern District granted Plaintiff's request to proceed *in forma pauperis*, (Dkt. 8), and, on March 18, 2026, transferred the action to this Court, (Dkt. 16).  On March 23, 2026, after the transfer was effectuated, Plaintiff filed an interlocutory Notice of Appeal of the transfer order.  (*See* Dkt. 17.)  As of the date of this Memorandum and Order, the Court of Appeals has not certified the appeal.  For the reasons that follow, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**BACKGROUND**

I.     **Plaintiff's Allegations**

The Complaint consists of a few handwritten statements on a form complaint for civil actions and a typed addendum.  (Compl., Dkt. 1.)  In the Statement of Claim section of the Complaint, Plaintiff states "[s]tarving someone is an attempt at Murder.  I have Audios & Videos that Violate the Constitution & other federal Laws.  It is not my words versus their words, it's their

words versus their words." (*Id.* at ECF 5.)[1]  Plaintiff alleges as injuries: "torture by food deprivation for 2 years[.]" (*Id.* at ECF 6.)  In the space to provide a basis for the Court's subject-matter jurisdiction, Plaintiff checks the box for "Federal Question" and alleges violations of his civil rights under the First, Eighth, and Fourteenth Amendments.  (*Id.* at ECF 2.)  For relief, Plaintiff seeks "$250,000,000,000 & the death of all those watching me starve & [who] did not report it when I reported it." (*Id.* at ECF 6.)

The typed addendum attached to the form complaint starts by asserting that "Everyone is blood, they are citizens of the united blood nation.  Because of the gross negligence of the United States government[,] Iran, Russia, [and] The United Nations must be informed because I am being starved because I know everyone is blood and how much of a crime like treason that is." (*Id.* at ECF 8.)[2]  Plaintiff states that multiple New York City agencies "are all complicit in crimes against humanity because every single person joined blood and every female joined blood swearing to rape and death if I am God." (*Id.*)

Plaintiff states that he reported to these agencies that "I am still being starved in & at government-funded facilities . . . and nothing was done." (*Id.*)  He cites federal criminal laws related to torture, manslaughter, and murder, and New York state regulations that require homeless shelters to "make provision to ensure that residents can conveniently obtain meals which are balanced, nutritious and adequate in amount and content to meet their dietary needs." (*Id.* at ECF 9–10 (quoting N.Y. Comp. Codes R. & Regs. Tit. 18 § 491.17).)  He states that "not feeding a plant eater vegetarian is very cruel and unusual," (*id.* at ECF 11), and asks:

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[2] Many of the claims in Plaintiff's addendum are written in all capital letters but have been quoted in this Memorandum and Order in lowercase for legibility.

> Explain how a vegetarian can survive on $291 in food stamps with $91 in cash assistance a month without cooking or receiving cooked food.  Food banks are not government remedies and to tell me ab[o]ut food banks and non-profit organizations is proof you already knew and are complicit in the attempt at my murder because I am required 3 nutritional meals a day specific to my dietary needs.

(*Id.* at ECF 16.)

Plaintiff also alleges: "New York is my prison, I am not at liberty to travel" and "I am the one person in all of New York who is banned from getting a job by the people through the E.E.O.C."  (*Id.* at ECF 12.)  He claims that his property has been stolen by unidentified "government employees."  (*Id.*)  He also claims that he "was arrested unlawfully" on October 7, 2022. (*Id.*)  He states that homeless shelf "staff are liars trying to frame me with mental illnesses like psychosis and schizophrenia on government documentation," (*id.* at ECF 13), and that he was "poisoned" "by government employees," so "they had [him] hospitalized for psychosis," (*id.* at ECF 15).  He further claims that he was attacked by "the blood" "in front of shelter staff."  (*Id.* at ECF 14.)

Plaintiff states that he sent a copy of his filing to the Permanent Mission of the Russian Federation and the Permanent Mission of the Islamic Republic of Iran to the United Nations.  (*Id.* at ECF 17.)  He explains that "Iran and Russia are invited at [his] request because [he] know[s] th[e] American government is trying to kill [him] in cruel and unusual ways that are inhumane." (*Id.* at ECF 16.)

After filing his Complaint, Plaintiff submitted additional letters in support of his lawsuit. In a January 5, 2026 letter, Plaintiff stated: "My settlement amount just went up to $500,000,000,000" and the "death of all those with knowledge and watching me starve and [who] did not help." (Dkt. 7 at ECF 1.)  He stated that he was arrested on January 2, 2026 and charged with "assault and obstruction of breathing by the outlaw enforcement officers of the N.Y.P.D. for

3

not standing still and being stabbed to death or bludgeoned to death with a heavy-duty lock." (*Id.*) In a January 23, 2026 letter, Plaintiff stated: "My settlement amount just went up from $500 billion dollars to $750,000,000,000." (Dkt. 9 at ECF 1.) This letter alleges that the Human Resources Administration reduced Plaintiff's cash assistance "because [he] did not participate in the work program when [he] reported to H.R.A., D.H.S. constituent affairs, disability affairs and the ombudsman that [he was] not being fed in a government-funded homeless shelter[]." (*Id.* at ECF 2.) In a February 13, 2026 letter, Plaintiff explained that he stopped eating food provided by Samaritan Daytop Village because he was fed meat; he states: "feeding a vegetarian who is actually a vegetarian meat is poison to [a] vegetarian so if the chef states he fed me meat that is poison to a vegetarian however it was rat poison in my food." (Dkt. 10 at ECF 8.) Plaintiff's March 2, 2026 letter claimed that he could predict the future and requested that Iran and Russia have a presence at his court appearances. (*See* Dkt. 11 at ECF 1–2.) His March 5, 2026 letter references a criminal court proceeding in Brooklyn and prior proceedings in Queens criminal court. (*See* Dkt. 12 at ECF 1–3.) His March 11, 2026 letter includes an electronic printout of Plaintiff's "prophecy" that "Mother's [*sic*] killing their children will be the pandemic of 2026" and links to news stories across the country of mothers killing their children. (Dkt. 14.) Plaintiff's March 16, 2026 letter states: "If I, Rasheen Tamel Mason, am God then this happening to me means I am not God, because of Donald Trump[']s bombing of Iran for having proof everyone on this side of the planet is blood I demand the proof of how they are God or they must be tortured and killed legally." (Dkt. 15 at ECF 2.)

## II.    Post-Transfer Procedural History

After this action was transferred to this Court, Plaintiff filed a Notice of Appeal. (Dkt. 17). In it, Plaintiff opposed transfer to the Eastern District of New York on the ground that "said district

4

ignored reports of treason" that Plaintiff claimed he transmitted on May 6, 2024. (*Id.* at ECF 1.) He also asserted that the problems he was having with homeless shelters "started at '400 E. 30th St., New York, NY 10016.'" (*Id.* at ECF 9.)

Mail sent from the Court to Plaintiff at the address he provided was returned to the Court on April 27, 2026, marked "Return to Sender/ Insufficient Address/ Unable to Forward." (Dkt. 20.)

## LEGAL STANDARD

As Plaintiff is proceeding *pro se*, the Complaint is held to less stringent standards than pleadings drafted by lawyers, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and the Court is obliged to construe the pleadings liberally and to "interpret them as raising the strongest arguments they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). If a liberal reading of a complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend a complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

A district court shall dismiss an *in forma pauperis* action where the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

5

## DISCUSSION

### I.    Plaintiff Fails to State Constitutional Claims

Litigants may pursue constitutional claims in federal court pursuant to 42 U.S.C. § 1983 ("§ 1983"), which requires that a plaintiff demonstrate that the challenged conduct was "committed by a person acting under color of state law" and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).  In order to bring a claim pursuant to § 1983, a plaintiff must show that each of the named defendants was personally involved in the complained of wrongdoing or misconduct. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006).

A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Lozman v. Riviera Beach*, 585 U.S. 87, 95 (2018) ("It is well established that in a § 1983 case a city or other local governmental entity cannot be subject to liability at all unless the harm was caused in the implementation of 'official municipal policy.'" (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978))).  Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985).  Subdivisions of New York City do not have separate legal identities and cannot be named in lawsuits. *See Nnebe v. Daus*, 644 F.3d 147, 158 n.6 (2d Cir. 2011) ("It is well settled in this Court that, as a general matter, agencies of New York City are not suable entities in § 1983 actions.").

In this case, Plaintiff has named the City of New York and multiple City agencies as defendants, but Plaintiff has not alleged any unconstitutional policy or custom attributable to the

6

City of New York.  (*See* Compl., Dkt. 1 at ECF 2, 4.)  As noted above, only the City of New York is a suable entity.  Plaintiff alleges that Defendants are "starving" him because they failed to respond to his complaints that the homeless shelters have not provided him with "3 nutritional meals a day specific to [his] dietary needs."  (*Id.* at ECF 16.)  Although Plaintiff asserts that he is entitled to receive vegetarian meals, the provision of vegetarian meals to residents of homeless shelters is not constitutionally required.  *See Reaves v. Dep't of Vet. Affs.*, No. 08-CV-1624 (RJD) (LB), 2009 WL 35074, at *3 (E.D.N.Y. Jan. 6, 2009) ("Access to food and shelter is not a constitutional right."  (citing *Lindsey v. Normet*, 405 U.S. 56, 74 (1972)); *Al-Qadaffi v. Acacia Network*, No. 16-CV-5423 (BMC) (RLM), 2016 WL 6072374, at *4 (E.D.N.Y. Oct. 17, 2016) ("[T]here is simply no federal law, judicial holding, or constitutional provision that guarantees an individual the right to halal food in a treatment program at a homeless shelter.")  Plaintiff acknowledges that he receives food stamps and cash assistance and has been referred to food banks and non-profit organizations.  (*See* Compl., Dkt. 1 at ECF 16.)  While he might consider this support to be inadequate, he has not established a constitutional entitlement to more.  Therefore, Plaintiff's § 1983 claim against Defendant City of New York related to access to vegetarian meals is dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    Plaintiff's Other Allegations are Irrational

Many of Plaintiff's claims, including his insistence that "everyone is blood" and he is "God" and his demand that Defendants be tortured and killed, are irrational.  Accordingly, his Complaint is also dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## III.    Plaintiff's Involuntary Hospitalization Claims are Insufficient

Plaintiff's claims related to involuntary hospitalization and his recent arrests are dismissed *without prejudice*. In light of Plaintiff's *pro se* status, he is granted leave to file an amended complaint within thirty (30) days, limited to these claims. In order to proceed, he must identify the individual government officials whom he believes to have been personally responsible for the alleged deprivation of his constitutional rights. If he does not know the name and badge number of these individuals, he may identify them as "John Doe Police Officer" or the like and provide a physical description and details of what the defendants did or failed to do in violation of Plaintiff's civil rights. He must provide dates and details of the incidents that allegedly violated his rights. Any amended complaint must be captioned, "Amended Complaint," and bear the same docket number as this order. Plaintiff is reminded that an amended complaint completely replaces all prior filings and must include any claims he wishes to raise without reference to his previous submissions.

\*       \*       \*

**CONCLUSION**

For the reasons set forth above, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim. Plaintiff is granted thirty (30) days from the date of this Memorandum & Order to file an amended complaint as detailed above. Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B). If Plaintiff fails to amend the complaint within thirty (30) days as directed by this Memorandum and Order, judgment dismissing the case shall be entered. No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.


/s/ *Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  May 19, 2026
        Brooklyn, New York